UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Annette Padilla,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Your Insurance Attorney, PLLC,

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Annette Padilla and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Your Insurance Attorney, PLLC, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for regular unpaid wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC §§1332 and 1367.

2. Plaintiff Annette Padilla is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Your Insurance Attorney, PLLC (from now on Your Insurance Attorney, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. Defendant, Your Insurance Attorney, was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Annette Padilla as a collective action to recover from Defendant regular unpaid wages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who during one or more weeks on or after July 2022, (the "material time") without being adequately compensated.

7. Defendant, Your Insurance Attorney, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a law firm specializing in legal insurance matters. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information

and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by handling insurance claims across State lines. Therefore, there is FLSA individual coverage.

9. Defendant, Your Insurance Attorney, employed Plaintiff Annette Padilla as a non-exempted legal assistant, from approximately July 2, 2022, to December 15, 2022, or 21 weeks.

10. During the relevant period, Plaintiff performed as a legal assistant handling legal insurance matters.

11. Plaintiff had a wage rate of $21.00 an hour.

12. While employed by Defendant, Plaintiff had a regular schedule. She worked five days per week, from Monday to Friday, from 8:30 AM to 6:00 PM (9.5 hours daily). Plaintiff worked a total of 42.5. Plaintiff has deducted five hours of lunchtime. (1 hour daily x 5 days=5 hours).

13. On or about December 15, 2022, Defendant terminated Plaintiff due to discriminatory reasons.

14. At the time of her termination, Defendant did not pay Plaintiff for her last two weeks of work.

15. Plaintiff clocked in and out, and Defendant was in absolute control of her schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

16. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

17. Plaintiff Annette Padilla seeks to recover unpaid regular wages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour worked.

20. This action is intended to include legal assistants and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

21. Plaintiff Annette Padilla re-adopts every factual allegation stated in paragraphs 1-20 of this Complaint as if set out in full herein.

22. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

> (1) except as otherwise provided in this section, not less than—
>
>> (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;
>>
>> (B) $6.55 an hour, beginning 12 months after that 60th day, and
>>
>> (C) $7.25 an hour, beginning 24 months after that 60th day.

23. Defendant, Your Insurance Attorney, employed Plaintiff Annette Padilla as a non-exempted legal assistant, from approximately July 2, 2022, to December 15, 2022, or 21 weeks.

24. During the relevant period, Plaintiff performed as a legal assistant handling legal insurance matters.

25. Plaintiff had a wage rate of $21.00 an hour.

26. While employed by Defendant, Plaintiff had a regular schedule. She worked five days weekly, from Monday to Friday, from 8:30 AM to 6:00 PM (9.5 hours daily). Plaintiff worked a total of 42.5. Plaintiff has deducted five hours of lunchtime. (1 hour daily x 5 days=5 hours).

27. On or about December 15, 2022, Plaintiff was terminated by Defendant due to discriminatory reasons.

28. At the time of her termination, Defendant did not pay Plaintiff for her last two weeks of work.

29. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

30. Plaintiff clocked in and out, and Defendant was in absolute control of her schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

31. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

32. Plaintiff was paid bi-weekly with direct deposits.

33. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendant.

34. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 USC § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

      Nine Hundred Ninety Dollars and 00/100 ($990.00)

   b. Calculation of such wages:

      Total period of employment: 21 weeks
      Relevant weeks of employment: 2 weeks
      Total number of unpaid hours: 45 hours weekly
      Regular rate: $21.00 an hour
      Florida minimum wage rate for 2022-2023: $11.00 an hour

      $11.00 x 45hours=$495.00 weekly x 2 weeks=$990.00

   c. Nature of wages:

This amount represents regular unpaid wages at the Florida minimum wage rate.[1]

36. Defendant Your Insurance Attorney unlawfully failed to pay minimum wages to Plaintiff.

37. Defendant knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages.

38. Defendant, Your Insurance Attorney, willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

39. Plaintiff has retained the law offices of the undersigned Attorney to represent her individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Annette Padilla respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant Your Insurance Attorney based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Annette Padilla and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT II**
**UNPAID WAGES (COMMON LAW) – 448.08**

40. Plaintiff Annette Padillare-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

41. At all times material hereto, Plaintiff was an employee of the Your Insurance Attorney.

42. Defendant, Your Insurance Attorney, employed Plaintiff Annette Padilla as a non-exempted legal assistant, from approximately July 2, 2022, to December 15, 2022, or 21 weeks.

43. During the relevant period, Plaintiff performed as a legal assistant handling insurance legal matters.

44. At the time of her hiring, Defendant agreed to pay Plaintiff as compensation for her work an hourly rate of $21.00 for every hour worked.

45. Plaintiff worked a regular schedule of more than 40 hours weekly.

46. Plaintiff was fired on or about December 15, 2022, due to discriminatory reasons.

47. At the time of her termination, Defendant did not pay Plaintiff approximately One Thousand Eight Hundred Ninety Dollars and 00/100 ($1,890.00), corresponding to 2 weeks of employment (regular rate $21.00 x 45 hours=$945.00 x 2 weeks=$1,890.00)

48. Plaintiff performed the necessary work under to be paid wages to which she was contractually entitled, and in consideration of Defendant's offer and Plaintiff's acceptance of same.

49. Defendant breached the parties' Agreement, however, by refusing to pay Plaintiff wages due and owing to her under the employment agreement.

50. Plaintiff has been damaged due to Defendant's willful/continued failure to pay Plaintiff the appropriate agreed-upon compensation, necessitating this lawsuit.

51. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

52. Plaintiff Annette Padilla has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees and costs.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment against Defendant for damages and prejudgment interest, together with the costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just and proper.

## Demand for a Jury Trial

Plaintiff Annette Padilla and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## BREACH OF EMPLOYMENT CONTRACT

53. Plaintiff Annette Padilla re-states and re-alleges paragraphs 1-17 as if outlined in full herein.

54. On or about Julio 22, 2022, Plaintiff Annette Padilla and Defendant Your Insurance Attorney entered into a contract (hereinafter the "Employment Contract, or Agreement") by which Plaintiff agreed to serve Defendant as a full-time legal assistant.

55. Plaintiff worked for Defendant from approximately October 15, 2020, to August 23, 2022, or 21 weeks.

56. Plaintiff and Defendant entered into a compensation agreement, as described above, in which Defendant agreed to pay Plaintiff wages throughout Plaintiff's employment with Defendant in exchange for the performance of Plaintiff's work duties as a legal assistant for Defendant.

57. Plaintiff performed the necessary work under the Agreement to be paid wages to which she was contractually entitled, and in consideration of Defendant's offer and Plaintiff's acceptance of same.

58. Defendant breached the parties' Agreement, however, by refusing to pay Plaintiff approximately One Thousand Eight Hundred Ninety Dollars and 00/100 ($1,890.00), corresponding to 2 weeks of employment (Regular rate $21.00 x 45 hours=$945.00 x 2 weeks=$1,890.00) for wages due and owing to her under the Agreement.

59. Plaintiff has been damaged due to Defendant's willful/continued failure to pay Plaintiff the appropriate agreed-upon compensation, necessitating this lawsuit.

60. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

61. Plaintiff Annette Padilla has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff requests judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just and proper.

Demand for a Jury Trial

Plaintiff Annette Padilla and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date:  April 30, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*